Filed 12/15/25  P. v. Yang CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>           v.<br><br>STEVEN YANG,<br><br>      Defendant and Appellant. | F089300<br><br>(Super. Ct. No. F12909247)<br><br><br>**OPINION** |

## <u>THE COURT</u>[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Jyoti Malik, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., Franson, J. and Peña, J.

Defendant Steven Yang "invite[d]" the trial court to recall his sentence and resentence him pursuant to Penal Code section 1172.1.[1]  The court denied the request.  On appeal, appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), arguing that the trial court's order is appealable, but also stating that counsel found no arguable issues on appeal.  Subsequently, our court issued an order directing counsel to provide defendant with a copy of the brief, notifying defendant that counsel found no arguable issues, notifying defendant that he had 30 days to file a supplemental letter or brief raising any arguable issues, and warning defendant that his failure to file a supplemental letter or brief could result in this court dismissing the appeal as abandoned.  Defendant did not file a supplemental letter or brief.  Accordingly, we dismiss the appeal as abandoned.

## BACKGROUND

On March 18, 2015, defendant entered into a plea agreement.  He pled no contest to two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 4, 5).  He also admitted that, as to count 4, he personally inflicted great bodily injury (§ 12022.7, subd. (a)) and that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).[2]  The stipulated term was 21 years.  All other counts and enhancements were dismissed.

On April 17, 2015, the trial court sentenced defendant to the stipulated term of 21 years in prison, which consisted of:  on count 4, nine years (the upper term) plus

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    The second amended complaint alleged the gang enhancement pursuant to section 186.22, subdivision (b)(1)(B), and defendant admitted to this allegation.  However, pursuant to the plea agreement, defendant was sentenced under section 186.22, subdivision (b)(1)(C).

10 years for the gang enhancement; and on count 5, two years (one-third the middle term).

On September 12, 2024, defendant, proceeding in propria persona, "invite[d]" the trial court to recall his sentence and resentence him pursuant to the authority granted to the court by section 1172.1.[3]  On January 14, 2025, the court issued a written order denying defendant's request because "section 1172.1, subdivision (c) clearly states that '[a] defendant is not entitled to file a petition seeking relief from the court under this section.' "

On January 30, 2025, defendant filed a notice of appeal.  This court appointed counsel for defendant, and appellate counsel filed an opening brief.  Counsel argued that the trial court's order denying defendant's request is an appealable order.  However, counsel also reviewed the record and "determined that it [was] appropriate to file a no-issue brief[.]"  Counsel requested that, pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Delgadillo*, *supra*, 14 Cal.5th 216, we conduct an independent review of the record on appeal.  In addition to sending defendant a copy of the brief, counsel "wrote to [defendant] on September 9, 2025 … and advised him that he may file a supplemental brief with this court within 30 days, and that if he does not do so, the court will likely dismiss his appeal."

On September 22, 2025, this court sent an order to defendant stating that his appellate counsel filed a brief indicating counsel was unable to identify any arguable issues on appeal and warning him that, pursuant to our Supreme Court's opinion in

---

**3**     As relevant here, under section 1172.1, a trial court may recall a sentence and resentence the defendant on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law …."  (§ 1172.1, subd. (a)(1).)  However, "[a] defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."  (§ 1172.1, subd. (c).)

*Delgadillo*, if he failed to file a supplemental letter or brief within 30 days of the order, "the appeal may be dismissed as abandoned." This court also directed counsel to provide defendant with a copy of the brief. To date, defendant has not filed a letter or brief.

## DISCUSSION

Because defendant did not file a supplemental letter or brief in response to our September 22 order, we dismiss this appeal as abandoned.

"In [*Wende, supra*, 25 Cal.3d 436, our Supreme Court] held the Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous. [Citation.] This procedure is applicable to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) However, this procedure does not apply to a defendant's appeal from denial of his request for postconviction relief pursuant to section 1172.1. (*People v. Rosemond* (2025) 108 Cal.App.5th 667, 673; see also *Delgadillo*, at pp. 226–228). Instead, " '[w]hen appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition, and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter [as abandoned].' "[4] (*Rosemond*, at pp. 673–674, quoting *Delgadillo*, at pp. 231–232.)

These procedures were followed here. Appellate counsel filed a brief that included a concise recitation of the facts and counsel's finding that there were no arguable issues. The brief also included counsel's declaration that defendant was advised

---

[4] This procedure does not bar us, at our own discretion, from conducting an independent review of the record

4.

he could file his own brief with this court. Additionally, counsel declared that a copy of the brief was sent to defendant, and our court separately ordered that counsel provide defendant with a copy of the brief. Finally, this court sent an order to defendant noting that his counsel filed a brief indicating no arguable issues and warning defendant that, pursuant to *Delgadillo*, the appeal may be dismissed as abandoned if he failed to file a supplemental letter or brief within 30 days.

To date, defendant has not filed a letter or brief. Accordingly, we conclude it is appropriate to dismiss the appeal as abandoned in this instance.

## **<u>DISPOSITION</u>**

The appeal is dismissed.